**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AURELLE HERARD,

       Petitioner,

v.                                             Case No. 3:07-cv-527-J-32JBT

WALTER A. MCNEIL, et al.,

       Respondents.

_____

## ORDER

### I. Status

       Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his March 9, 2001 state court (Duval County) conviction for armed robbery on the following grounds: (1) the trial court erred in admitting state's evidence sua sponte after the state had rested; (2) counsel was ineffective for withdrawing a motion to suppress Petitioner's confession; (3) the trial court imposed a vindictive sentence; (4) appellate counsel was ineffective for failing to argue that the trial court erred in denying Petitioner's motion for a continuance; (5) Petitioner's confession was involuntary; (6) the trial court erred in denying a motion for a mistral; (7) counsel was ineffective for agreeing with the state that two

1

questions posed by the jury should not be answered; (8) the trial court erred in ruling prematurely on Petitioner's motion to question a juror about juror misconduct; (9) the trial court erred in denying Petitioner's motion to correct an illegal sentence; and (10) Petitioner was denied a fair trial because his interrogation was not recorded; therefore, he had no means of proving that his confession was obtained by coercion.

Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #15) (hereinafter Response).  Petitioner has replied.  See Petitioner's Reply to State's Answer of Petition (Doc. #19) (hereinafter Reply).  Thus, this case is ripe for review.[1]

## II.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

---

[1] Respondents have set forth the state court procedural history in their Response.  See Response at 2-6.  They also assert that the Petition was timely filed.  Id. at 6.  Thus, this Court will not repeat the procedural history.

2

### III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.'  Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[2] resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303.[4]  The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

---

[2] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold."  Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[4] Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1303 (11th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)."  Schriro, 550 U.S. at 473-74.  "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

## IV. Findings of Fact and Conclusions of Law

## A. Ground One

Petitioner asserts that the trial court erred in admitting state's evidence sua sponte after the state had rested, depriving him of due process of law.  Petition at 7-8.  The following portions of the record are pertinent in assessing this claim.  Petitioner was charged with two counts of armed robbery, for robberies occurring on July 25, 1999, and August 7, 1999.  Ex.[5] A.  Petitioner made the following statement to Detective Larry Kuczkowski regarding the two robberies:

> Sherman and I planned to rob [E]ckerd[']s.  He brought Anna and [M]onk, I brought John.  We went up there and John, Monk, and myself [r]obbed it.  We ditched the van on Roosevelt and hopped into Anna's car.  We went back to Sherman's crib to count the money.  Then we all went our separate ways.
>
> That was the first time.  Now the second time it was Sherman, [M]onk, Anna, John, and Rusty.  I don't know if this is certain.  I was with them when they was [sic] talking about it.  But I didn't go.  They pissed me off because they was [sic] talking to this nasty girl after I told them not to.  So I was like F--- it and I

---

[5] The Court hereinafter refers to the Exhibits to Answer to Petition for Writ of Habeas Corpus (Doc. #16) as "Ex."

4

> started walking to Will's house.  It was late but I woke him up.
> I told him that their [sic] going to . . . [E]ckerd's and I don't want
> to be a part of it.  So I asked him if I could spend the night and
> he said yes.  The next morning Sherman told me it went
> smoothly.

Ex. B at 1.

Prior to trial, the state announced a nolle prosequi with respect to count one, the August 7, 1999 robbery.  Ex. C at 12.  Although the parties had agreed prior to trial that Petitioner's written statement would be redacted so that only the first paragraph of the above-quoted statement would be admitted at trial, see id. at 8, the prosecutor changed his mind after jury selection, arguing that the second paragraph should also be admitted to rebut Petitioner's defense of an involuntary and false confession to the July 25, 1999 robbery. See id. at 141-47.

At trial, the state called Detective Larry Kuczkowski to testify regarding Petitioner's verbal admissions and sought to enter Petitioner's entire written statement.  Ex. D at 308-16; 329-34.  Defense counsel, Thomas Fallis, Esquire, objected.  Id. at 316.  The judge permitted the prosecutor to continue questioning Detective Kuczkowski and said that he would determine whether the written statement was admissible after the record was further developed.  Ex. D at 333-35.  Thereafter, Detective Kuczkowski testified about the oral admissions Petitioner made regarding the July 25, 1999 robbery.  Id. at 336-39.  He also read the first paragraph of Petitioner's statement to the jury.  Id. at 358.

After the conclusion of Detective Kuczkowski's testimony, the prosecutor reminded the judge that he had said he would reconsider his ruling about the admissibility of the redacted portion of Petitioner's written statement after Detective Kuczkowski had testified.

Id. at 447.  The prosecutor argued that the defense had "opened the door" to its admission.

Id. at 447-51.  After hearing further argument from both sides, the judge ruled as follows:

> Now the background of this is the State agreed to redact the second paragraph of the statement prior to the start of trial, and the trial proceeded with the discussion of what the State says is the July 25th, 1999 robbery.
>
> So the posture we're in now is the defense has structured its defense around this redacted statement.  And, if the second paragraph comes in now, it's my ruling that that would unduly prejudice the defendant because it would indicate that portion of the statement was withheld and the defense was misleading the jury -- or at least attempting to mislead the jury, and that's not what was happening with the preceding case or the pretrial ruling, that was the agreement of the State.
>
> So at this time I will deny the State's request to publish the remainder of this statement and we'll proceed.

Id. at 474-75.  Thereafter, the state rested.  Id. at 478.

Petitioner testified in his own defense, claiming that Detective Kuczkowski coerced Petitioner into confessing to the July 25, 1999 robbery.  Id. at 481-500.  During cross-examination, the prosecutor asked Petitioner, "Well, did you think that they were going to let you out of the room and let you walk free if you go ahead and admit to a life felony, a crime of armed robbery?"  Id. at 513.  After several questions in this vein, defense counsel objected and moved for a mistrial on the basis that the state had informed the jury the Petitioner was facing a life sentence upon conviction of the armed robbery.  Id. at 513-15. After hearing argument on the motion, the judge stated the following:

> What I'm going to do is defer ruling on that.  The jury is excused until two o'clock.  So I'll come back at 1:45 and I'll hear any argument on this.

6

> And let me tell you another thing here, if I don't grant the mistrial, I'm going to move that this defendant's direct testimony has opened the door for the State to introduce his complete statement.  And I've heard your argument before and I'm not hearing any more argument on it.

Id. at 520-21.

After the recess, the judge denied the motion for mistrial and clarified his ruling with respect to admission of the entire written statement, during the following colloquy:

> THE COURT:  The only ruling was that the defendant on his statements on his direct-examination opened the door for the State to offer into evidence the remainder of the statement, the remainder of the alleged confession.
>
> MR. TOM FALLIS:  Does the Court recall at what juncture the Court made that finding and the opening of that door so I know what the Court is talking about so I'm not --
>
> THE COURT:  It was based on the totality of the direct examination as to what took place in the examination.

Id. at 536.

After the defense rested, the state recalled Detective Kuczkowski as a rebuttal witness.  Id. at 565.  Through this witness, the state offered and the court admitted Petitioner's entire written statement.  Id. at 574-75.  Thereafter, evidence was admitted that the August 7, 1999 robbery charge had been dismissed and that Petitioner had a confirmed alibi for the August 7, 1999 robbery.  Id. at 583, 591-92, 607.

In Issue I on direct appeal, Petitioner argued the following:

> ISSUE I:  THE TRIAL COURT COMMITTED FUNDAMENTAL ERROR WHEN IT RULED, SUA SPONTE, AFTER THE STATE HAD RESTED ITS CASE, THAT THE REDACTED PART OF APPELLANT'S STATEMENT WOULD BE ALLOWED INTO EVIDENCE, BECAUSE THE TRIAL COURT THEREBY

7

ABANDONED ITS ROLE AS NEUTRAL ARBITER AND
BECAME AN ADVOCATE FOR THE STATE, DEPRIVING
APPELLANT OF DUE PROCESS OF LAW.

Ex. L at i, 14-18.  The First District Court of Appeal affirmed, per curiam, without issuing a

written opinion.[6]   Herard v. State, 819 So.2d 755 (Fla. 1st DCA 2002) (per curiam)

(unpublished table decision); Ex. P.

Thus, there is a qualifying decision from the state appellate court.  Next, this Court

must consider the "contrary to" and "unreasonable application" components of the statute.

"It is the objective reasonableness, not the correctness per se, of the state court decision

that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied,

537 U.S. 978 (2002).  Upon a thorough review of the record and the applicable law, the state

court's adjudication of this claim was not contrary to clearly established federal law, did not

involve an unreasonable application of clearly established federal law, and was not based

on an unreasonable determination of the facts in light of the evidence presented in the state

court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

This Court also finds this claim to be without merit.  The Eleventh Circuit Court of

Appeals has explained that federal courts possess only limited authority to consider state

evidentiary rulings in a habeas proceeding brought by a state prisoner.

_____

[6] Respondents contend that this claim was not preserved for appellate review, and because the First District Court of Appeal did not explain the basis for its affirmance, it is unclear whether this claim was rejected on procedural grounds or whether it was considered on the merits since it was raised as an issue of fundamental error.  Thus, Respondents state that they do not waive exhaustion.  Response at 8-9.  Because the basis for affirmance cannot be determined, this Court will give the benefit of the doubt to Petitioner and assume the appellate court addressed this claim on the merits.

8

> Federal courts generally do not review a state court's admission of evidence in habeas corpus proceedings. See McCoy v. Newsome, 953 F.2d 1252, 1265 (11th Cir.), cert. denied, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992). We will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial. See Baxter v. Thomas, 45 F.3d 1501, 1509 (11th Cir.) (stating that we "inquire only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial.") (citations omitted), cert. denied, 516 U.S. 946, 116 S.Ct. 385, 133 L.Ed.2d 307 (1995); McCoy, 953 F.2d at 1265. "A denial of fundamental fairness occurs whenever the improper evidence 'is material in the sense of a crucial, critical, highly significant factor.'" Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998) (quoting Osborne v. Wainwright, 720 F.2d 1237, 1238 (11th Cir. 1983)), cert. denied, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998).

Mills v. Singletary, 161 F.3d 1273, 1289 (11th Cir. 1998), cert. denied, 528 U.S. 1082 (2000). The category of infractions that violate "fundamental fairness" is defined very narrowly. See Estelle v. McGuire, 502 U.S. 62, 73 (1991). Moreover, this Court "must defer to a state court's interpretation of its own rules of evidence and procedure." Machin v. Wainwright, 758 F.2d 1431, 1433 (11th Cir. 1985).

In light of the record as a whole, and considering that the jurors were informed that the August 7, 1999 robbery charge had been dismissed and that Petitioner had a confirmed alibi for the August 7, 1999 robbery, this Court concludes that the admission of the redacted portion of the written statement did not affect the fundamental fairness of Petitioner's trial. The record also reflects that the judge did not abandon his neutral role and become an advocate for the state. Instead, the judge merely reconsidered his ruling on the admission of the redacted portion of the statement after the Petitioner testified, finding that Petitioner's

9

testimony had opened the door to its admission.  Thus, for all of the above-stated reasons,

Petitioner is not entitled to relief on the basis of this claim.

## B. Ground Two

Petitioner asserts that counsel was ineffective for withdrawing a motion to suppress

Petitioner's confession.  Petition at 9-10.  "The Sixth Amendment guarantees criminal

defendants effective assistance of counsel.  That right is denied when a defense counsel's

performance falls below an objective standard of reasonableness and thereby prejudices the

defense."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam).  Since both

prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation,

"a court need not address the performance prong if the petitioner cannot meet the prejudice

prong, and vice-versa."  Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation

omitted).

10

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933.  And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).  Thus, "it is important to keep in mind that '[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a [S]tate court's decision--when we are considering whether to grant federal habeas relief from a [S]tate court's decision.'" Williams v. Allen, 598 F.3d 778, 789 (11th Cir. 2010) (alteration in original) (quoting Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004)).

The following portions of the record are pertinent in assessing this claim.  Prior to trial, defense counsel filed a motion to suppress Petitioner's oral and written statements to the police.  Ex. B.  At a January 4, 2001 hearing, in the Petitioner's presence, defense counsel withdrew the motion to suppress "with [his] client's consent."  Amended Exhibit W (Doc. #23-1) at 112.[7]  Prior to jury selection on January 8, 2001, defense counsel explained that he had "retracted [the motion to suppress] as it was not the legal grounds that were required under

---

[7] The Court cites the page numbers imprinted on the bottom center of each page of this exhibit.  The Court notes that page 48 is actually the first page of the exhibit.

existing law." Ex. C at 9.  Prior to trial, Mr. Fallis emphasized that he did not want a pretrial hearing on the voluntariness issue because he was going to challenge the voluntariness at trial, and he did not want to reveal his trial strategy.  Ex. D at 157-58.

Petitioner raised this claim in an amended motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion), and the circuit court found it to be without merit because Petitioner had consented to the withdrawal of the motion to suppress. Ex. X at 2. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order, without issuing a written opinion.  Herard v. State, 954 So.2d 30 (Fla. 1st DCA 2007) (per curiam) (unpublished table decision); Ex. BB.  Thus, there are qualifying decisions from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.[8]

### C. Ground Three

Petitioner contends that the trial court imposed a vindictive sentence because Petitioner rejected a plea offer and exercised his right to a trial by jury.  Petition at 11-12.

------

[8] This Court also finds this claim to be without merit.  Counsel filed the motion to suppress, but later determined that it did not meet the requirements under existing law to warrant relief.  Thus, with Petitioner's consent, he withdrew the motion and instead argued at trial that the confession was involuntary and false.  See Ex. D at 667-75, 715-37.  The Court cannot say that counsel's tactical decision to do so constitutes deficient performance.

Petitioner raised this claim as ground six in his 3.850 motion, and the circuit court found the claim to be without merit because the trial court did not initiate the plea discussion, never implied that a harsher sentence would result if Petitioner exercised his right to a trial by jury, did not tell him to accept or reject the plea offer, did not force him to take time to consider his options and was only attempting to ensure that Petitioner understood the state's plea offer and the sentence range he would face if he rejected that offer.[9]  See Ex. X at 4-5. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order.  Thus, there are qualifying decisions from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

### D. Ground Four

Petitioner asserts that appellate counsel was ineffective for failing to argue that the trial court erred in denying Petitioner's motion for a continuance.  Petition at 13-14. Specifically, he asserts that after the trial court sua sponte ruled that the state could introduce the redacted portion of Petitioner's statement pertaining to the August 7, 1999 robbery, defense counsel requested a continuance so that he could "bring in witnesses to counter [the information in the redacted portion of Petitioner's statement] if necessary" Ex.

---

[9] The transcript of the January 8, 2001 hearing at which the plea offer was discussed has been provided to this Court in Ex. C at 17-26.

13

D at 552.  The trial court denied the motion.  Id.  Petitioner asserts that appellate counsel should have argued that the trial court erred in denying the request for a continuance because Petitioner could have called witnesses to defend against the August 7, 1999 robbery.[10]

"A [petitioner] can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal."  Shere v. Sec'y, Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citations omitted).  A petitioner must show that his appellate attorney's performance in failing to raise the omitted claim was "objectively unreasonable."  Smith v. Robbins, 528 U.S. 259, 285 (2000).  Furthermore, he must show a "reasonable probability that, but for his counsel's unreasonable failure to [raise the issue on direct appeal], he would have prevailed on his appeal."  Id.  "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"  Id. at 286 n.14 (quoting Strickland, 466 U.S. at 697).

Petitioner raised this issue in a petition for writ of habeas corpus filed in the First District Court of Appeal, and that court summarily denied the petition "on the merits" without

---

[10]  In his Reply, Petitioner asserts for the first time that if the continuance had been granted, he could have called William McLaurin as a witness to testify that Petitioner's co-defendant, Jonathan Marrero, told McLaurin the names of the individuals involved in both robberies and that Petitioner was not one of the individuals identified by Marrero as a participant in either robbery. Reply at 9-10. Petitioner did not exhaust this claim in his state habeas petition, see Ex. CC, and improperly raises it for the first time in his Reply. In any event, such hearsay testimony would not have been admissible.

14

further explanation.  Herard v. State, 882 So.2d 407 (Fla. 1st DCA 2004) (per curiam) (unpublished table decision); Ex. DD.  Thus, there is a qualifying decision from the state court.  Upon a thorough review of the record and the applicable law, the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.[11]

### E. Ground Five

Petitioner's contends that his confession was involuntary.  Petition at 15-17.  Respondents contend, and this Court agrees, that this claim is procedurally barred.  Petitioner raised this claim in his 3.850 motion, and the circuit court found that it was procedurally barred because it could have and should have been raised on direct appeal.  Ex. X at 1-2.  Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order.

The Eleventh Circuit Court of Appeals has stated that federal courts should not presume a state court would ignore its own procedural rules in summarily denying relief.

> Coleman[, 501 U.S. 722 (1991),] and Ylst [v. Nunnemaker, 501 U.S. 797 (1991),] lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored

---

[11] As noted previously, the evidence demonstrated that the August 7, 1999 robbery charge had been dismissed and that Petitioner had a confirmed alibi for that robbery.  Thus, it was not necessary to call witnesses to defend against the August 7, 1999 robbery.  Accordingly, it is unlikely this claim of trial court error for denying the motion for continuance would have been meritorious if it had been raised on direct appeal.  Furthermore, appellate counsel reasonably decided to omit this claim.  See Response at 24-26.

its own procedural rules and reached the merits of this case.  In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar.

Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993).  Thus, this Court presumes that the First District Court of Appeal enforced the procedural bar.

> For a state procedural ruling to preclude federal habeas review of [a petitioner's] claims, the state court's ruling must rest upon an "independent" and "adequate" state-law ground.  Cone v. Bell, --- U.S. ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2433, 174 L.Ed.2d 229 (2009); Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."  Cone, 129 S.Ct. at 1780; see Lee v. Kemna, 534 U.S. 362, 376, 381, 122 S.Ct. 877, 886, 888, 151 L.Ed.2d 820 (2002) (recognizing that it is only a "limited" or "small category of cases in which asserted state grounds are inadequate to block adjudication of a federal claim").

Maples v. Allen, 586 F.3d 879, 887 (11th Cir. 2009) (per curiam).

The Eleventh Circuit has found that a state court's determination that a claim is procedurally barred pursuant to Fla. R. Crim. P. 3.850 because it could have been raised before the trial court and, if properly preserved, on direct appeal, rests on an independent and adequate state ground that precludes federal habeas consideration of the claim.  See LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1260 (11th Cir. 2005).  Accordingly, Petitioner has procedurally defaulted this claim.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice."  Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770

16

(11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S.

1222 (2004). "[A] federal court may also grant a habeas petition on a procedurally defaulted

claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of

justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing

Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The

fundamental miscarriage of justice exception is only available in extraordinary cases upon

a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama,

256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice

resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental

miscarriage of justice exception. Thus, the Court will not address the merits of Petitioner's

procedurally barred claim in ground five.

### F. Ground Six

Petitioner asserts that the trial court erred in denying a motion for a mistral after the

prosecutor revealed to the jury that the offense for which Petitioner was on trial was a life

felony. Petition at 17-18. Petitioner raised this claim as Issue II on direct appeal, see Ex.

L at i, 19-21, and the First District Court of Appeal affirmed, without issuing a written

opinion.[12]   Thus, there is a qualifying decision from the state appellate court.   Upon a

---

[12] Respondents contend that this claim was not preserved for appellate review, and
because the First District Court of Appeal did not explain the basis for its affirmance, it is
unclear whether this claim was rejected on procedural grounds or whether it was considered
on the merits. Thus, Respondents state that they do not waive exhaustion. Response at 29.
Because the basis for affirmance cannot be determined, this Court will give the benefit of the
doubt to Petitioner and assume the appellate court addressed this claim on the merits.

17

thorough review of the record and the applicable law, the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.[13]

### G. Ground Seven

Petitioner asserts that counsel was ineffective for agreeing with the state that two questions posed by the jury should not be answered. Petition at 19-20. Petitioner raised this claim as ground three in his 3.850 motion, and the circuit court adjudicated the claim as follows:

> In ground three, the Defendant claims that counsel, George Fallis, rendered ineffective assistance when he agreed with the State that the two questions the jury brought to the Court's attention should not be answered. The Defendant states that the first question posed by the jury was, "was the usable fingerprint that was lifted from the evidence [from] any of the persons involved in the crime?" (Exhibit "D," page 756.[[14]]) The Defendant states the second question posed by the jury was, "the transcript of where it came into knowledge that Mr. Herard had a .25 caliber pistol." (Exhibit "D," page 756.) The trial court asked the State how he proposed to answer the questions, and the State responded that the Court should instruct the jury that they had all of the evidence that was presented to them and that

---

[13] Additionally, the issue raised on direct appeal and in this Petition (whether the trial court erred in denying the motion for a mistrial) is presented as an error under state law and therefore is a claim that is not cognizable on federal habeas review. See Williams v. Turpin, 87 F.3d 1204, 1206 n.1 (11th Cir. 1996) ("a federal habeas court cannot review perceived errors of state law") (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

[14] When the circuit court cites Exhibits D through F, it is referring to the trial transcript, which has been provided to this Court as Ex. D.

they must decide the verdict based on the evidence they have heard. (Exhibit "D," pages 758-760.) Co-counsel Tom Fallis agreed with the State that the jurors must decide the verdict based on their memories. (Exhibit "D," pages 758-760.) The Defendant claims that he told George Fallis, who was sitting at the table with him while co-counsel Tom Fallis was standing before the judge, that he wanted the questions answered. The Defendant claims that George Fallis responded, "Well, obviously," which the Defendant interpreted that George Fallis agreed the jury's questions should be answered. However, George Fallis sat mute while Tom Fallis agreed that the questions should not be answered.

The Defendant claims that the jurors should have been told in response to the first question that the fingerprints were that of the co-defendant. However, there was not evidence at the trial that indicated to whom the fingerprint belonged. (Exhibits "E," pages 295-296, 298-301, 302-306; "D," pages 756-760.) Accordingly, counsel could not have requested that the jury be instructed that the fingerprint belonged to a co-defendant. In response to the second question, the Defendant claims he never mentioned anything about a .25 caliber pistol in his statement, and a .25 caliber pistol was not introduced as evidence at trial. The Defendant claims that if the question was answered, the jurors would have concluded that there was no conclusive proof that he ever possessed a .25 caliber pistol. However, at trial, Detective Kuczkowski took the stand and stated that the Defendant told him that he carried a .25 caliber pistol during the robbery. (Exhibit "F," page 338.)

Ex. X at 2-3. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order. Thus, there are qualifying decisions from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

### H. Ground Eight

Petitioner asserts that the trial court erred in ruling prematurely on Petitioner's motion to question a juror about juror misconduct.  Petition at 21-22.  Respondents contend, and this Court agrees, that this claim is procedurally barred.  See Response at 35-37.  Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.  Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Thus, the Court will not address the merits of Petitioner's procedurally barred claim in ground eight.

Additionally, the issue raised on direct appeal and in this Petition is presented as an error under state law and therefore is a claim that is not cognizable on federal habeas review.  Finally, even assuming the First District Court of Appeals reached the merits of the claim, the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

### I. Ground Nine

Petitioner contends the trial court erred in denying his motion to correct an illegal sentence.  Petition at 22-23.  Petitioner raised this claim as Issue III on direct appeal.  However, Respondents contend that the trial court error claim raised on direct appeal and

in ground nine of the Petition presents an issue of state law that is not cognizable on federal habeas review.  See Response at 37-39.  The Eleventh Circuit has found that it is well established that federal courts cannot review a state's failure to adhere to its own sentencing procedures.

> [W]e consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures.  Jones v. Estelle, 622 F.2d 124, 126 (5th Cir.), cert. denied, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980); Nichols v. Estelle, 556 F.2d 1330, 1331 (5th Cir. 1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process."  Willeford, 538 F.2d at 1198.

Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988), cert. denied, 531 U.S. 1170 (2001).  Therefore, even though this claim is couched in terms of a denial of due process of law, Petitioner is not entitled to relief on the basis of this state law claim.

Even assuming the First District Court of Appeals reached the merits of the due process claim,[15] the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the

---

[15] In his brief on direct appeal, Petitioner made the conclusory claim that "the rule of lenity and basic due process of law under the U.S. and Florida Constitutions require that any ambiguity in the jury's findings, which are used to determine the applicability of a mandatory minimum sentence, must be construed in [Petitioner's] favor."  Ex. L at 24.  Appellate counsel did not elaborate further on the federal due process claim.

evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

## J. Ground Ten

Petitioner contends that he was denied a fair trial because his interrogation was not recorded; therefore, he had no means of proving that his confession was obtained by coercion.  Petition at 24-25.  Petitioner raised this claim in his 3.850 motion, and the circuit court found that the claim was procedurally barred because it could have and should have been raised on direct appeal.  Ex. X at 3.  As noted previously the First District Court of Appeal summarily affirmed the circuit court's order.  Accordingly, this claim has been procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.  Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Thus, the Court will not address the merits of Petitioner's procedurally barred claim in ground ten.

Any claims not specifically addressed by this Court are found to be without merit. Accordingly, the Petition will be denied, and this case will be dismissed with prejudice.

## V. Certificate of Appealability

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

22

debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.      If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability on all grounds.   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

    4.    The Clerk of the Court shall close this case.

    **DONE AND ORDERED** at Jacksonville, Florida this 12th day of August, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

ps 4/30
c:
Aurelle Herard
Counsel of Record

24